LAW OFFICES OF MICHAEL T. HARRISON
Michael T. Harrison (SBN 158983)
mharrison30@aol.com
25876 The Old Road, #304
Stevenson Ranch, CA 91381
Telephone: 661-257-2854
Facsimile: 661-257-3068

Attorney for Plaintiff NICHOLAS PAVLE

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| NICHOLAS PAVLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMERCE BANK OF ARIZONA,<br><br>Defendant. | Case No. CV 10-236-TUC-RCC<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Telephonic Scheduling Conference: July 20, 2010 at 10:00 a.m. |

## JOINT REPORT OF THE PARTIES

In accordance with Federal Rule 26(f) and this Court's Order dated June 21, 2010, counsel for the parties have conferred and make the following joint report in this matter:

**1. The nature of the case, setting forth in brief statements the factual and legal basis for Plaintiff's claims and Defendant's defenses.**

  Plaintiff alleges that in violation of federal law, defendant charged her, and similarly situated individuals for whom she seeks certification as class representative, a transaction fee for usage of defendant-owned/operated Automated Teller Machines (ATMs).  Plaintiff alleges that defendant's transaction fees were unlawful because they were charged during a period when defendant failed to post and comply with the federally-mandated fee-notice requirements.  Plaintiff seeks statutory damages, costs and legal fees as permitted by the Electronic Funds Transfer Act, 15 U.S.C. § 1693b, *et seq*.  The information concerning the identities of the individuals defendant unlawfully charged for usage of its ATMs is maintained by defendant.

  Defendant denies liability, and asserts affirmative defenses of assumption of risk, contributory negligence, estoppel, waiver, unintentional violation, and *bona fide* error.

**2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme court cases, Ninth**

**Circuit Court of Appeals cases, Arizona State case and statutory law, or other authority as dictated by the conflicts of law rules).**

The complaint in this case requests relief for violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). In order to prove a claim under the EFTA, plaintiff must prove (a) transaction, (b) no sign (fee notice) setting forth the fee or no electronic statement setting forth the fee and (c) payment of the fee.

EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs"). 15 U.S.C. §1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

(B)   Notice requirements

(i)   On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)   On the screen

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone…." 15 U.S.C. § 1693a(6).

> The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued form such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction….

The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; <u>and</u> 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee."  12 C.F.R. § 205.16(c)(1) and (2).

15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

> (C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—
> (i)    The consumer receives such notice in accordance with subparagraph (B)...

Commerce Bank expects to prove that the plaintiff is a professional plaintiff who sought out and intentionally engaged in the complained-of transactions specifically with the intent and desire of generating a cause of action.  Moreover, Commerce Bank will show that it had and has specific procedures in place to assure compliance with applicable statutes and regulations, and that it is entitled to an unintentional-violation and "*bona-fide*-error" defense under 15 USC section

Joint Report

1693m(c), as well as complete mitigation of any damages pursuant to 15 USC section 1693m(b)(2).

**3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.**

The parties do not yet know what factual issues will be disputed.  The parties do dispute whether the notice provided by Commerce Bank was appropriate, whether class certification is appropriate, whether Commerce Bank is entitled to an unintentional-violation and "*bona-fide*-error" defense under 15 USC section 1693m(c), and whether the plaintiff is entitled to any recovery under the statute in any case.

**4. The statutory jurisdictional basis of the case, including a discussion of the amount in controversy if the basis is diversity jurisdiction.**

Violation of a Federal Statute, the Electronic Funds Transfer Act, 15 U.S.C. § 1693b, *et seq*.

**5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party.**

None.

**6. The names of parties not subject to the Court's jurisdiction.**

None.

**7. Whether there are further dispositive or partially dispositive issues to be decided by pre-trial motions, and the legal issues about which any pretrial motions are contemplated.**

In the view of counsel for Plaintiff, there is no likelihood of disposition of the case by motion.

Commerce Bank lacks sufficient information at this time to determine whether disposition of the case can be made upon motion.

**8. Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial pursuant to 28 U.S.C. §636(c).**

Counsel for Plaintiff does not believe reference to arbitration or a master is appropriate at this time.  The parties do not object to assignment of the case to a Magistrate Judge.

**9. The status of related cases pending before other judges of this court or before other courts.**

The below matters have recently been filed in the District Court For The District of Arizona and all Defendants have answered.  Presently, each matter is at the scheduling conference stage.

Joint Report

  Pavle v. Wells Fargo Bank, No. 4:10-cv-00241

  Zalman v. Pima Federal Credit Union, No. 4:10-cv-00238

  Pavle v. Sun Bank, National Association, No. 4:10-cv-00239

  Pavle v. Arizona Central Credit Union, No. 10-cv-0034

  Pavle v. Compass Bank, No. 10-cv-00237

**10. Proposed deadlines for: Rule 26(a)(1) disclosures, to add parties or amend complaint, initial and rebuttal disclosure of expert testimony, witness lists, settlement reports, discovery, dispositive motions, and the pretrial order.**

The parties agree that discovery shall be completed by February 15, 2011. Counsel agree that if any dispositive motion is to be filed, it shall be filed within 45 days after the close of discovery; that the opposing party shall have 30 days thereafter in which to file an opposition; and that the moving party shall 15 days thereafter in which to file a reply.  The parties propose that initial disclosures shall be due 30 days after the conference.  The parties do not presently contemplate the use of expert witnesses and thus, do not propose any modification of the requirements of Rule 26(a)(2) of the FRCP.

**11. Suggested changes, if any, in the limitations on discovery imposed by Local Rule 16.2.**

None.

**12. Estimated date that the case will be ready for trial, the estimated length of**

Joint Report

trial, and any suggestions for shortening the trial.

If no dispositive motion is filed within 45 days after the close of discovery, the parties propose that a pretrial conference be held within three months of the conclusion of discovery.  If a dispositive motion is filed, the parties propose that a pretrial conference be held within 60 days after a decision on the motion.  The parties propose to set a trial date at the pretrial conference.  The parties anticipate that trial, including jury selection, will take not more than two days.

**13. Whether a jury trial has been requested and whether the request for jury trial is contested. If the request is contested, the Joint Report shall set forth the reasons that a trial by jury is in dispute.**

A jury trial has been requested and the parties do not contest the same.

**14. The prospects for settlement. Does any party wish to have a settlement conference with another judge or magistrate? How can settlement efforts be assisted?**

Counsel believe there is a realistic possibility of settlement and intend to commence such discussions promptly.

**15. Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential.**

The parties believe that discovery can be completed within six months and do

not foresee any unusual or complex problems affecting the case.

**16. In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes.**

Plaintiff believes that before it can complete a motion seeking class certification under the standards of Rule 23, immediate discovery of certain information that is in the possession, custody and control of defendant will be necessary. In particular, plaintiff believes that defendant's records contain, among other things, the number of individuals whom it charged an ATM fee during the proposed class period in violation of federal law. Plaintiff will move promptly for class certification upon receipt of this information and any necessary follow-up without awaiting the conclusion of discovery.

**17. Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.**

The parties are not aware of any additional matters that require inclusion in the scheduling order at his time or that will aid this matter at this time.

Joint Report

| | |
|---|---|
| Dated: July 10, 2010 | Respectfully submitted, |
| | LAW OFFICES OF MICHAEL HARRISON |
| | |
| | By: /s/ Michael T. Harrison |
| | Michael Harrison |
| | Law Offices of Michael Harrison |
| | 25876 The Old Road, #304 |
| | Stevenson Ranch, California 91381 |
| | Tel. No. (661) 257-2854 |
| | Fax No. (661) 257-3068 |
| | Email: mharrison30@aol.com |
| | |
| | Counsel for Plaintiff |
| | NICHOLAS PAVLE |
| | |
| | MUNGER CHADWICK, P.L.C. |
| | |
| | /s/ Thomas A. Denker |
| | Thomas A. Denker |
| | Attorney for Commerce Bank |

Joint Report